UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRANDON SIMON and LAINEY HOLLINGSWORTH, individually and on behalf of those similarly situated,** | : : : : | Case No. 1:18-cv-458 |
| **Plaintiffs,** | : : : | Judge |
| v. | : : | **PLAINTIFFS' COMPLAINT** |
| **KEVIN J. ISON DMD PSC, d/b/a ORTHODONTIC SPECIALISTS** | : : : : | |
| and | : : | |
| **GID ORTHODONTICS LLC, d/b/a ORTHODONTIC SPECIALISTS** | : : : : | |
| and | : : | |
| **DR. KEVIN J. ISON, DMD, MS** | : : | |
| **Defendants.** | : | |

## PRELIMINARY STATEMENT

1. This is a collective action and class action brought by Brandon Simon and Lainey Hollingsworth ("Plaintiffs"), on behalf of themselves and all others similarly situated, to recover overtime compensation from their former employers.

2. Defendants have employed numerous non-exempt, hourly employees who have worked more than 40 hours a week, but who have not been paid the legally required amount for their overtime hours.

3. Defendants continue to employ numerous non-exempt, hourly employees who are working more than 40 hours in a week and are not being paid the legally required amount for their overtime hours.

1

4. Plaintiffs bring this action (1) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Federal Fair Labor Standards Act, 29 U.S.C §201, *et seq.* ("FLSA"), (2) on behalf of themselves and a class of others pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §4111, *et seq.*, and (3) on behalf of themselves and a class of others pursuant to Kentucky Revised Statutes ("KRS") §337, *et seq.*

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C §1331 due to the claim made under the FLSA.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) to hear Plaintiffs' state law claims.

7. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C §1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs**

8. Plaintiff Simon is a resident of Cincinnati, Ohio. Plaintiff worked for Defendants as an orthodontist assistant from August 2017 until June 1, 2018. Plaintiff was employed by Defendants in both Kentucky and Ohio.

9. Plaintiff Hollingsworth is a resident of Ohio. She worked for Defendants as an administrative assistant from September 2016 to April 2018. Plaintiff was employed by Defendants in both Kentucky and Ohio.

10. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C §216(b), Plaintiffs and the FLSA

Collective were, or are, employed by Defendants as non-exempt, hourly employees subject to Defendants' overtime policy, and work or have worked for Defendants during the applicable statutory period.

11. Plaintiffs and the FLSA Collective are current and former hourly, non-exempt employees of Defendants within the meaning of the FLSA, and were employed by Defendants within three years of the date this Complaint was filed. *See* 29 U.S.C. §255(a).

12. Plaintiffs also bring this action under Ohio Rev. Code §4111 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and the putative Rule 23 Class were hourly employees employed by Defendants in Ohio during the applicable statutory period.

13. Plaintiffs also bring this action under KRS Chapter 337 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and the putative Rule 23 Class were employed as hourly employees by Defendants in Kentucky during the applicable statutory period.

**Defendants**

14. Defendant Kevin J. Ison DMD PSC d/b/a Orthodontic Specialists ("Orthodontic Specialists") is a Kentucky Professional Services Corporation with operations in Ohio and Kentucky, and with its principal office at 7559A Mall Rd., Florence, Kentucky 41042.

15. Defendant GID Orthodontics LLC d/b/a Orthodontic Specialists is an Ohio Limited Liability Company with operations in Ohio. Upon information and belief its principal office is located in Liberty Township, Butler County, Ohio.

16. Defendant Kevin J. Ison, DMD, MS, is the sole owner, officer, director, and shareholder of Defendant Orthodontic Specialists. Defendant Kevin J. Ison DMD, MS is also a member of

Defendant GID Orthodontics LLC and serves as its registered agent. Upon information and belief, Dr. Ison is responsible for both company's payroll practices and policies.

17. Defendants provide orthodontic services to patients.

18. Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000 at all relevant times.

19. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA §203(d). Defendants are also "employers" under Ohio Rev. Code. §411.03 and KRS Chapter 337.

20. Defendants operate in interstate commerce by, among other things, maintaining offices in both Ohio and Kentucky, dispatching their employees and equipment to customers in multiple states, and ordering supplies and equipment from various states. Defendants advertise their multistate practice through their Webpage.

21. Defendants subject Plaintiffs and the other similarly situated employees to the same payroll policies and procedures, as outlined in The Practice of Orthodontic Specialists Employee Handbook. The Handbook applies to all employees of all Defendants at all locations. According to the Handbook, Defendant Kevin J. Ison, DMD, MS, is the final step in the grievance procedure available to all employees, resolves all paycheck disputes, and is designated as the person responsible for authorizing overtime for all employees.

22. Upon information and belief, Defendants collectively do business under the trade name "Orthodontic Specialists," share in the services of employees, subject employees to the control of the same managers, jointly coordinate the scheduling of employee hours, and operate as joint employers for employees of Orthodontic Specialists.

**FACTUAL ALLEGATIONS**

23. Plaintiffs and the putative collective/class members are individuals who were or are employed by Defendants, who were so employed in non-exempt positions and who were subject to Defendants' policy and/or practice of not paying the required overtime premium.

24. For an as yet unknown period of time, Plaintiffs and the putative collective/class members were paid at their regular hourly rate ("straight time") for hours they worked over 40 in a workweek.

25. When Plaintiffs and the putative collective/class members worked in excess of 40 hours in a workweek, Defendants paid them a "bonus," which was an amount equal to their regular hourly rate times the hours they worked above 40 in that week.

26. Upon information and belief, the overtime premium is still not being paid to employees who work an excess of 40 hours per workweek.

27. Defendants suffered and permitted Plaintiffs and the putative collective/class members to work more than 40 hours in a week without paying them the legally-mandated overtime.

28. Defendants were aware, or should have been aware, that Plaintiffs and the putative collective/class members performed non-exempt work that required payment of overtime compensation.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

30. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. The proposed FLSA collective is defined as follows:

> All persons who worked as hourly and non-exempt employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Collective").

31. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b). Plaintiffs' signed consent forms are attached as Exhibit A.

32. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

33. During the applicable statutory period, Plaintiffs and the putative collective members often worked in excess of 40 hours in a workweek without receiving overtime compensation for their overtime hours worked.

34. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their hourly, non-exempt employees overtime compensation when they were fully aware these employees were working overtime hours, and by deliberately devising a scheme to avoid the overtime obligation. Specifically, Defendants deceptively chose to pay Plaintiffs what they called a "bonus" that equated to their regular hourly rate of pay for the excess hours worked. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

35. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly-situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **OHIO CLASS ALLEGATIONS**

36. Plaintiffs (the "Ohio Class Representatives") bring this action under Ohio Rev. Code §4111 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

   All persons who worked as hourly and non-exempt employees for Defendants in Ohio at any time in the last two years prior to the filing of this Complaint and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("Ohio Class").

37. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representatives are informed and believe, and on that basis allege, that during the applicable statutory period, Defendants employed over 40 people who satisfy the definition of the proposed Ohio Class.

38. Typicality: The Ohio Class Representatives' claims are typical of the members of the Ohio Class. The Ohio Class worked unpaid overtime hours similar to the Ohio Class Representatives, and both the Ohio Class Representatives and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

39. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the defendants.

40. Adequacy: The Ohio Class Representatives will fairly and adequately protect the interests of the Ohio Class and have retained counsel experienced in wage and hour class and collective action litigation.

41. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants improperly classified and treated the Ohio Class Representatives and the members of the Ohio Class as exempt from Ohio wage and hour laws;

    b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Ohio Class Representatives and the members of the Ohio Class in violation Ohio wage and hour laws;

    c. Whether Defendants' actions were willful; and

    d. The proper measure of damages sustained by the Ohio Class Representatives and the Ohio Class.

42. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

43. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Class the overtime pay to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

44. Plaintiffs intend to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

## KENTUCKY CLASS ALLEGATIONS

45. Plaintiffs (the "Kentucky Class Representative") bring this action under KRS Chapter 337 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

    All persons who worked as hourly and non-exempt employees for Defendants in Kentucky at any time in the last five years prior to the filing of this Complaint, and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("Kentucky Class").

46. Numerosity: Upon information and belief, the proposed Kentucky Class is so numerous that joinder of all members is impracticable. The Kentucky Class Representatives are informed and believe, and on that basis allege, that during the applicable statutory period, Defendants employed over 40 people who satisfy the definition of the proposed Kentucky Class.

47. Typicality: The Kentucky Class Representatives' claims are typical of the members of the Kentucky Class. The Kentucky Class worked unpaid overtime hours similar to the Kentucky Class Representatives, and both the Kentucky Class Representatives and the Kentucky Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

48. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the Defendants.

49. Adequacy: The Kentucky Class Representatives will fairly and adequately protect the interests of the Kentucky Class and has retained counsel experienced in wage and hour class and collective action litigation.

50. Commonality: Common questions of law and fact exist to all members of the Kentucky Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants improperly classified and treated the Kentucky Class Representatives and the members of the Ohio Class as exempt from Ohio wage and hour laws;

    b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Kentucky Class Representatives and the members of the Kentucky Class in violation Kentucky wage and hour laws;

    c. Whether Defendants' actions were willful; and

    d. The proper measure of damages sustained by the Kentucky Class Representatives and the Kentucky Class.

51. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Kentucky Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

52. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Kentucky Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Kentucky Class the overtime pay to

which they are entitled. The damages suffered by the individual Kentucky Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

53. Plaintiffs intend to send notice to all members of the Kentucky Class to the extent required by Rule 23. The names and addresses of the members of the Kentucky Class are available from Defendants.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiffs and the FLSA Collective)**

54. Plaintiffs and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

55. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

56. Defendants often suffered and permitted Plaintiffs and the FLSA Collective to work more than 40 hours in a workweek without overtime compensation.

57. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

58. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered a loss of income.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

### COUNT II – VIOLATION OF OHIO REV. CODE §4111.01 , *ET SEQ*.

### UNPAID OVERTIME COMPENSATION

### (On behalf of the Ohio Class Representative and the Ohio Class)

60. The Ohio Class Representatives and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

61. Ohio Rev. Code §4111.03 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

62. Ohio Rev. Code §4111.10 makes employers who violate Ohio Rev. Code §4111.03 liable to the affected employees in the amount of unpaid wages, costs, and attorneys' fees.

63. Defendants violated Ohio Rev. Code §4111.03 by regularly and repeatedly failing to compensate the Ohio Class Representatives and the Ohio Class at the required overtime rate.

64. As the direct and proximate result of Defendants' unlawful conduct, the Ohio Class Representatives and the Ohio Class have suffered a loss of income.

### COUNT III – VIOLATION OF KRS CHAPTER 337, *ET SEQ*.

### UNPAID OVERTIME COMPENSATION

### (On behalf of the Kentucky Class Representative and the Kentucky Class)

65. The Kentucky Class Representatives and the Kentucky Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

66. KRS Chapter 337.285 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

67. KRS Chapter 337.385 makes employers who violate KRS §337.285 liable to the affected employees in the amount of unpaid wages, costs, and attorneys' fees. KRS Chapter 337.385(1) makes employers who violate KRS Chapter 337.285 liable for liquidated damages.

68. Defendants violated KRS Chapter 337.285 by regularly and repeatedly failing to compensate the Kentucky Class Representatives and the Kentucky Class at the required overtime rate.

69. As the direct and proximate result of Defendants unlawful conduct, the Kentucky Class Representatives and the Kentucky Class have suffered a loss of income.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiffs and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA, Ohio state law, and Kentucky state law;

4. Judgment against Defendants for violation of the overtime provisions of the FLSA, Ohio state law, and Kentucky state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

/s/ Stephen E. Imm_____
Stephen E. Imm (0040068)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669 (fax)
stephen@finneylawfirm.com

/s/ Bruce H. Meizlish_____
Bruce H. Meizlish (0033361)
MEIZLISH & GRAYSON
830 Main St., Suite 999
Cincinnati, Ohio 45202
(513) 345-4700
(513) 345-4703 (fax)
drgrayson@fuse.net

/s/ Deborah R. Grayson_____
Deborah R. Grayson (0062777)
MEIZLISH & GRAYSON
830 Main St., Suite 999
Cincinnati, Ohio 45202
(513) 345-4700
(513) 345-4703 (fax)
drgrayson@fuse.net
*Attorneys for Plaintiff*