IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Western Division

| | | |
|---|---|---|
| BRANDON SIMON and LAINEY HOLLINGSWORTH, individually and on behalf of those similarly situated, | : : : : | Case No. 1:18-cv-458 **J. Dlott** **M.J. Litkovitz** |
| Plaintiffs, | : : | |
| v. | : : | |
| KEVIN J. ISON DMD PSC, d/b/a ORTHODONTIC SPECIALISTS | : : : | |
| and | : : | |
| GID ORTHODONTICS LLC, d/b/a ORTHODONTICS SPECIALISTS | : : : | |
| and | : : | |
| DR. KEVIN J. ISON, DMD, MS, | : : | |
| Defendants. | : | |

**JOINT MOTION FOR PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS AND APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs and Defendants jointly move this Court to certify the proposed class and approve the Settlement Agreement submitted herewith. *See* Exhibit 1.

**Factual Background and Procedural History**

Plaintiffs allege that Defendants failed to properly calculate and pay overtime wages to certain non-exempt, hourly employees who worked more than 40 hours per week. Plaintiffs allege that Defendants' acts and omissions violated the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, and the Commonwealth of Kentucky's wage and hour laws. Plaintiffs' Complaint seeks class relief for their state wage claims, as well as collective relief for alleged

violations of the Fair Labor Standards Act ("FLSA"). Here, the parties stipulate that the case should proceed on a class-wide basis for recovery under state wage and hour laws, rather than proceeding as a collective action under the FLSA.

## Proposed Settlement

**A.     The Class**

The parties propose the following settlement class:

> All persons who worked as hourly and non-exempt employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid one and one-half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ( "Settlement Class Members" or "Settlement Class").

*See* Settlement Agreement at § I. B.

**B.     Participating Class Members**

Any member of the Settlement Class may request to be excluded ("opt-out") from the Settlement Class by sending, by first class mail, a written request for exclusion to Plaintiffs' counsel postmarked on or before the Objection/Exclusion Deadline set by the Court. A request to be excluded that does not include all of the necessary administrative information, or that is not sent to Plaintiffs' counsel, or that is not postmarked within the time specified, shall be invalid, and any person serving such a request shall be a "Participating Settlement Class Member" and shall be bound by the Settlement Agreement, if approved. Participating Settlement Class Members necessarily include Settlement Class Members that choose not to opt-out of the Settlement.

Any Settlement Class Member who requests to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

Any individual member of the Settlement Class may raise a specific objection to the Settlement Agreement on behalf of the individual, a subset of the class, or the entire class. Any objection must be in writing and returned to Counsel for Plaintiffs, who will file the objection with the Court. Objections may also be filed directly with the Court prior to the Fairness Hearing.

**C.      Terms of the Parties' Settlement Agreement**

The proposed Settlement Agreement requires Defendants to pay $110,000 into a settlement fund. The settlement amount will cover all of Defendants' settlement obligations to Plaintiffs and the class members. From the settlement fund, Plaintiffs' counsel shall pay a proposed service payment to the class representatives in the amount of $3,500.00 per individual and attorneys' fees and costs in the amount of $55,000. The settlement administration costs will be borne by Plaintiffs' counsel and deducted from the attorneys' fees and costs awarded to them.

Participating Settlement Class Members will receive a *pro rata* share of the settlement fund after deducting the amount of the attorneys' fees and expenses awarded, any service payment to the class representatives, settlement administration expenses, and such other expenditures as may be authorized by the Court. The Settlement Agreement provides that each Participating Settlement Class Member will be paid an amount equal to all unpaid overtime during the period May 22, 2016 through June 30, 2018.

Additionally, Participating Settlement Class Members will also be paid an additional amount to be determined for liquidated damages. A base amount will be calculated as if all eligible Settlement Class Members choose to participate in this settlement. The final amount of liquidated damages payable will be calculated once it is determined how many Settlement Class Members opt-out of the Settlement. The amounts payable to those not participating and any remaining

3

amounts shall be reallocated to the Participating Settlement Class Members for liquidated damages.

Prior to the final approval hearing, the Named-Plaintiffs will apply to the court to each receive a class representative service payment for services rendered to the class. The amount is separate and apart from any other recovery to which they would be entitled under the settlement as a Settlement Class member. The payment is intended to compensate Named-Plaintiffs for the time and efforts expended on behalf of the class which includes numerous detailed discussions and meetings with class counsel, providing information.

Prior to the final approval hearing, Plaintiffs' counsel will petition the court for class counsel's attorney fees and costs and for administration fees and costs in an amount not more than 1/2 of the maximum settlement amount. In light of the amount of work performed by class counsel, the compensation sought for class counsel is not excessive, is commensurate with the lodestar of fees and hourly rates and is fair and reasonable. Defendant's counsel will not oppose this request.

**D.     Notice to Settlement Class Members**

Within 10 calendar days following the Court's order of approval, Defendants shall provide to Plaintiffs' counsel a list of Settlement Class Members, by last name in alphabetic order, and giving last-known addresses, including last-known email addresses and telephone numbers. Defendants shall also provide to Plaintiffs' counsel information allowing Plaintiffs' counsel to match the names of the employees with the payroll records previously provided. The list of individuals shall be based upon the most current information contained in Defendants' payroll and/or other business records.

A Notice of Settlement and Right to Opt-Out of Settlement, in the form attached as Exhibit 2, when approved by the Court, shall be sent by Plaintiffs' counsel to Settlement Class Members

by First Class Mail thirty-one (31) days after the Court's order of approval. Following mailing, any returned envelopes with forwarding addresses will be re-mailed to the address provided. Plaintiffs' counsel will make diligent efforts to locate all Settlement Class Members whose envelopes are returned and effect re-mailing.

**E.     Administration of Claims**

To timely opt-out of the Settlement, the request must be postmarked within 30 days of the date the Notice of Settlement and Right to Opt-Out of Settlement were mailed and must be properly completed and signed. Two weeks following the close of the period for returning the opt-out requests, Plaintiffs will provide the Defendants with a list of total sums payable to each Participating Settlement Class Member, based on the actual overtime losses and the allocation formula set forth in this Settlement Agreement for liquidated damages.

Within 30 days of the final approval of the Settlement Agreement, Defendants will mail the Settlement payments to all Participating Settlement Class Members. Mailing will be deemed effective as of the postmark date and will be via non-certified U.S. Mail. The Parties will cooperate in determining current address information for Participating Settlement Class Members. Defendants will provide notice of the fact of mailing to Plaintiffs' counsel.

### Requirements for Class Action Settlement are Satisfied

Rule 23 of the Federal Rules of Civil Procedure provides that class certification is appropriate upon a showing by the plaintiff that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613-614 (1997). In addition, in order to obtain

certification pursuant to Rule 23(b)(3) the plaintiff must also show that common questions of law and fact predominate over individualized questions, and that the class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b). As discussed in more detail below, this case satisfies each requirement for class certification.

**A.    All Rule 23(a) requirements are met.**

    **1.    Numerosity**

There is no set minimum number of potential class members that fulfills the numerosity requirement. *In re American Med. Sys., Inc.* 75 F.3d 1069, 1079 (6th Cir. 1996). The Sixth Circuit has found, however, that a class of 35 individuals taking an allegedly discriminatory test was sufficiently numerous to meet class action requirements. *Afro-American Patrolmens League v. Duck*, 503 F2d 294, 298 (6th Cir. 1974); *see also Cypress v. Newport News General & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967) (eighteen class members sufficient);

Here, there are approximately 38 class members. Because it would be impracticable to join all of the proposed class members, numerosity is satisfied.

    **2.    Commonality**

Rule 23(a)(2) next requires that there is "a common question of law or fact among the members of the class." To meet the commonality requirement, the representative plaintiff is required to demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Here, the common questions are dispositive, apply equally to all class members, and can be resolved using uniform proof and legal analysis. The common issues include: (i) whether the Settlement Class Members worked in excess of 40 hours in any workweek; and (ii) whether those Settlement Class Members were paid one and one-half times their regular rate of pay for the hours

worked in excess of 40 in any such workweek. Claims can also be proven by uniform proof: payroll records and timesheets.

These legal and factual questions are shared by all class members, and the uniformity of the applicable laws make resolution of these questions on a class-wide basis viable and efficient.

### 3. Typicality

Generally, typicality is satisfied where the claims are based on the same legal theory. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). All putative class members' claims flow from the same policy that resulted in the alleged underpayment of wages and as such, typicality is satisfied.

### 4. Adequacy

The class representative must fairly and adequately protect and represent the interests of each member of the class. Essentially, Rule 23(a)(4) "requires courts to ask whether plaintiff's interests are antagonistic to the interest of other members of the class." *Amchem*, 521 U.S. at 625-26.

Here, neither of the parties have identified any potential conflicting interests, nor is there any apparent reason to question the adequacy of Plaintiffs' representation. Accordingly, the adequacy requirement is satisfied.

**B.  Rule 23(b)(3) is satisfied.**

In addition to satisfying each of Rule 23(a)'s requirements, the class must also satisfy at least one of Rule 23(b)'s three criteria. Here, this Court may certify this matter as a class action under the third subdivision, which permits a class action if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently

7

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Simply, a plaintiff must show that common questions subject to generalized, class-wide proof outweigh individual questions. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

Here, the common issue (i.e., whether certain employees were properly compensated for overtime work) are subject to generalized, class-wide proof (e.g., payroll records and timesheets). Determining liability for each Settlement Class Member is therefore a manageable task. The only individual inquiry is the amount of overtime pay due to each participating Settlement Class Member. Because the Settlement Class Members were readily identifiable by payroll records and timesheets, and individual damages have been calculated using a common formula, individual inquiries do not outweigh common issues.

Particularly in the settlement context, the manageability requirement of Rule 23(b)(3) poses no obstacle to certification of the proposed settlement class.

## **The Settlement Merits Preliminary Approval**

In order to protect the rights of class members, settlement of a class action requires court approval. Fed. R. Civ. P. 23(e); *see also In re Jiffy Lube Sec. Litig.,* 927 F.2d 155, 158 (4th Cir. 1991); *Groves,* 2011 WL 4382708, at *4.

Such approval typically involves a two-step process of "preliminary" and "final" approval. *See Manual for Complex Litigation* § 21.632, at 414 (4th ed. 2004); *Grice v. PNC Mortgage Corp. of Am.,* No. 97-3084, 1998 WL 350581, at *2 (D. Md. May 21, 1998) (endorsing Manual's two-step process); *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F. Supp. 825, 827 (E.D.N.C. 1994). In the first stage, the parties submit the proposed settlement to the Court for preliminary approval. In the second stage, following preliminary approval, the class is notified and a fairness hearing scheduled at which the Court will determine whether to approve the settlement.

*See Bicking v. Mitchell Rubenstein & Assocs.,* No. 11-78, 2011 WL 5325674, at *4 (E.D. Va. Nov. 3, 2011) ("Prior to granting final approval, the court must direct reasonable notice to all potentially affected class members, allow time for objection, and provide a 'fairness hearing.'").

Upon submission of a proposed settlement, a court will undertake a preliminary evaluation to determine whether the proposed settlement "appears to fall within the range of possible approval." *Manual for Complex Litigation* § 30.41, at 265 (3d ed. 2000); *see also In re Bromine Antitrust Litig.,* 203 F.R.D. 403, 416 (S.D. Ind. 2001). The power to preliminarily approve a settlement lies "within the sound discretion of the Court." *In re Vitamins Antitrust Litig.,* Nos. MISC. 99-197(TFH), MDL 1285, 2001 WL 856292, at *4 (D.D.C. July 25, 2001). "[T]here is a strong initial presumption that the compromise is fair and reasonable." *In re Microstrategy, Inc. Sec. Litig.,* 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (quoting *S.C. Nat'l Bank v. Stone,* 139 F.R.D. 335, 339 (D.S.C. 1991)); *Horton,* 855 F. Supp. at 827 (holding that question at preliminary approval stage is simply whether there is "probable cause" to justify notifying class members of proposed settlement); *In re Mid-Atlantic Toyota Antitrust Litig.,* 564 F. Supp. 1379, 1384 (D. Md. 1983). The bar for obtaining preliminary approval is low. *All Bromine Antitrust Plaintiffs,* 203 F.R.D. at 416.

Generally, a class settlement is fair when it is "reached as a result of good faith bargaining at arm's length, without collusion." *In re Jiffy Lube Sec. Litig.,* 927 F.2d at 159; *Bicking,* 2011 U.S. Dist. LEXIS 127173, at * 12. The Court should be satisfied that "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Samuel v. Equicredit Corp.,* No. 00-6196, 2002 WL 970396, at *1 n.l (E.D. Pa. May 6, 2002); *In re Vitamins Antitrust Litig.,* 2001 WL

9

856292, at *4; *In re Shell Oil Refinery,* 155 F.R.D. 552, 555 (E.D. La. 1993). "Absent evidence to the contrary, the court may presume that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion." *Muhammad,* 2008 WL 5377783, at *4.

Consideration of the applicable factors reveals that the parties' proposed Settlement Agreement should be preliminarily approved. The parties' settlement was indeed the product of serious, informed, arm's-length, and non-collusive negotiations. The settlement has no obvious deficiencies, nor does it improperly grant preferential treatment to the class representative or any segments of the Settlement Class. The value of the settlement payment to Settlement Class Members is readily apparent when one considers the risks inherent in continued and protracted litigation, including the expense and delay that accompany class certification, the appeal process and, in the event of a successful appeal, continued litigation in this Court. Indeed, the parties dispute whether or not all of these individuals would be entitled to payment had the case proceeded to litigation as some of them might have been exempt from overtime pay. Therefore, this settlement is fair for both parties in this case.

"[C]ompromise and settlement are favored by the law." *Groves,* 2011 WL 4382708, at *4. Here, the proposed settlement serves the overriding public interest in settling litigation.

### Conclusion

For the reasons stated above, Plaintiffs respectfully request that the Court grant this Motion, preliminarily certify the Settlement Class, approve the parties' proposed Settlement Agreement, allow Plaintiffs to send notice to the Settlement Class members, schedule a Fairness Hearing at the earliest possible date, at which time the parties will request final approval of the settlement and

establish a schedule to complete the tasks necessary to effectuate the proposed settlement, and for such other and further relief as the Court may deem equitable and just.

Respectfully submitted,

/s/ Katherine B. Capito_____
Katherine B. Capito (*Pro Hac Vice*)
Hissam Forman Donovan Ritchie PLLC
707 Virginia Street East, Suite 260
Charleston, WV 25301
(681) 265-3802
*Counsel for Defendants*


/s/ Stephen E. Imm_____
Stephen E. Imm
Finney Law Firm
4270 Ivy Pointe Blvd.
Suite 225
Cincinnati, OH 45245
(513) 943-5678
*Counsel for Plaintiffs*


/s/ Bruce H. Meizlish_____
Bruce H. Meizlish
Meizlish & Grayson - 1
830 Main Street
Suite 999
Cincinnati, OH 45202
(513) 345-4700
*Counsel for Plaintiffs*


/s/ Deborah R. Grayson_____
Deborah R. Grayson
Meizlish & Grayson - 1
830 Main Street
Suite 999
Cincinnati, OH 45202
513-345-4700
*Counsel for Plaintiffs*

11