**EXHIBIT 1**

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and among Plaintiffs, Brandon Simon and Lainey Hollingsworth ("Named-Plaintiffs"), individually and on behalf of those who are similarly-situated (Settlement Class Members defined herein), collectively referred to as "Plaintiffs," and Defendant, Kevin J. Ison, DMS PSC, d/b/a Orthodontics Specialists, GID Orthodontics, LLC, d/b/a Orthodontics Specialists, and Dr. Kevin J. Ison, DMD, MS, collectively referred to as "Defendants," by and through their respective counsel of record.  Plaintiffs and Defendants are sometimes collectively referred to in this Settlement Agreements as the "Parties."

WHEREAS, on July 9, 2018, Named-Plaintiffs initiated a lawsuit captioned Brandon Simon, et al. v. Kevin J. Ison, DMD, PSC, d/b/a Orthodontics Specialists, et al., by filing a complaint which has been pending the United States District Court for the Southern District of Ohio, Western Division ("the Court") in Case No. 1:18-CV-458 ("the Lawsuit"); and

WHEREAS, the complaint seeks to institute a collective action on behalf of Plaintiffs and other similarly-situated current and former employees of Defendants under the provisions of the Fair Labor Standard Act of 1938, 29 USC § 216(b) (FLSA), and an Ohio class action pursuant to the Ohio Minimum Fair Wage Standards Act, (OFMWSA) Ohio Rev. Code § 4111.03 and § 4111.10; and a Kentucky class action pursuant to Kentucky Rev. Statutes § 337.285 and § 337.385, to recover overtime compensation, liquidated damages, attorney fees and costs; and

WHEREAS, Defendants have filed an answer denying any liability to Plaintiffs and asserting various affirmative defenses; and

WHEREAS, Plaintiffs and Defendants now seek to settle the Lawsuit and all claims raised in the complaint in the Lawsuit, subject to the approval of the Court; and

WHEREAS, Plaintiffs' counsel has fully analyzed and evaluated the merits of Plaintiffs' claims, Defendants' defenses and this Settlement as it impacts Plaintiffs, and after taking into account the foregoing along with the substantial risks of litigation, Plaintiffs' counsel are satisfied that the terms of this Settlement are fair, reasonable and adequate and are in the best interest of the Named-Plaintiffs and those similarly-situated; and

WHEREAS, Defendants expressly deny wrongdoing associated with the claims in the Lawsuit and enters into this Settlement Agreement solely for the purpose of avoiding the cost and disruption of ongoing litigation; and

WHEREAS, for the purposes of this Settlement, the Parties stipulate that this Lawsuit should proceed on a class-wide basis for recovery under state wage and hour laws, rather than proceeding as a collective action under the FLSA; and

NOW THEREFORE, in consideration of the covenants, terms and conditions set forth herein, the Parties agree as follows:

I. <u>Implementation of the Settlement</u>:   The Parties will prepare a Joint Motion for preliminary certification of the Settlement Class and approval of the Settlement Agreement seeking the Court's preliminary approval of this Settlement Agreement and the Notice of Settlement Agreement and Right to Opt-Out of Settlement, attached as Exhibit 1.

A. This Settlement is conditioned upon approval by the U.S. District Court for the Southern District of Ohio, Western Division. The effective date of the Parties' Settlement shall be thirty-one (31) days after the Court has entered its final order approving the Settlement Agreement and dismissing the complaint. In the event an appeal is filed, the effective date shall be the date the appeal is dismissed.

B. For purposes of this Settlement, the appropriate Settlement Class shall consist of:

> All persons who worked as hourly and non-exempt employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid one and one-half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("Settlement Class Members").

C. Any member of the Settlement Class may request to be excluded ("opt-out") from the Settlement Class by sending, by first class mail, a written request for exclusion to Plaintiffs' counsel postmarked on or before the Objection/Exclusion Deadline set by the Court. The request for exclusion must include the Settlement Class Member's full name, address, and telephone number where he or she may be contacted, a statement that the Settlement Class Member submitting the request wishes to be excluded from the Settlement of this Lawsuit, and personally signed by the Settlement Class Member submitting the request. A request to be excluded that does

not include all of the foregoing information, or that is not sent to Plaintiffs' counsel, or that is not postmarked within the time specified, shall be invalid, and any person serving such a request shall be a "Participating Settlement Class Member" and shall be bound by this Settlement Agreement, if approved.

Plaintiffs' counsel will provide a list of those members of the Settlement Class who have requested exclusion each week with its weekly reports, along with copies of each request received, and a final list of everyone who has requested exclusion no later than 5 business days after the Objection/Exclusion Deadline.

Any Settlement Class Member who requests to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. So-called "mass" or "class" opt-outs shall not be allowed.

II. <u>Terms of the Settlement-Monetary</u>: Subject to the approval of the Court, and in return for the terms, conditions, undertakings and releases in this Settlement Agreement, Defendants agree to pay the gross Settlement amount of One Hundred Ten Thousand Dollars ($110,000.00). The Settlement amount will be used to pay

A. Individual Settlement amounts to all Participating Settlement Class Members.

B. Class Representative payments to Named-Plaintiffs to compensate them for their services to the class.

C. Class counsel attorney fees and costs to compensate Plaintiffs' counsel for their services to the class and administration of the Parties' Settlement.

III. <u>Individual Settlement Amount</u>: The Parties agree that Participating Settlement Class Members will be paid an amount equal to all unpaid overtime during the period of May 22, 2016 through June 30, 2018.

Participating Settlement Class Members will also be paid an additional amount to be determined for liquidated damages. A base amount will be calculated as if all eligible Settlement Class Members participate in this Settlement. The final amount of liquidated damages payable will be calculated once it is determined how many Settlement Class Members choose to opt-out of

3

the Settlement. The amounts payable to those not participating shall be reallocated to the class for liquidated damages.

   IV. <u>Allocation</u>: Fifty Percent (50%) of the Individual Settlement Amount is considered as a Settlement for wages, subject to form W-2 reporting, and therefore will be subject to required payroll tax withholding and deductions.  The remaining Fifty Percent (50%) of each individual Settlement Amount is considered a settlement of claims for liquidated damages subject to form 1099 reporting.  Participating Settlement Class Members will be responsible for all taxes, assessment, penalties and any other costs owed to any governmental agency under this portion of the Settlement amount.

   A. <u>Settlement Class Representative Payment</u>: Conditioned upon approval by the Court, additional payments shall be made from the Settlement to Named-Plaintiffs in the amount of $3500 subject to the Fifty Percent (50%) breakdown and W-2/1099 reporting set forth for individual Settlement amounts to compensate them for their services to the class.  These amounts are in addition to any amount they may otherwise receive as a Participating Settlement Class Member.  Defendants agree not to object to these additional payments when presented to the Court for approval.  If these amounts are not approved, the monies will remain part of the Settlement amount subject to distribution.

   B. <u>Attorney Fees/Administrative Fees and Costs</u>: Subject to the approval of the Court, Plaintiffs will seek reimbursement for attorney fees and costs and for the cost of administration in the amount of Fifty-Five Thousand Dollars ($55,000.00).  Defendants agree that this amount is fair and reasonable for a case such as this, and Defendants will not object to this submission when presented to the court for approval.

   V. <u>Distribution to Settlement Class Members</u>: Participating Settlement Class Members shall agree to the following:

   A. Payments will be made to eligible Settlement Class Members, unless they timely opt-out of the Settlement.  To be timely, the written opt-out statement must be postmarked within thirty (30) days of the date the Notice of Settlement and Right to Opt-Out of Settlement was mailed.

   B. Two (2) weeks following the close of the period to opt-out, Plaintiffs will provide the Defendants with a list of total sums payable to each Participating Settlement Class Member,

based on the actual overtime losses and the allocation formula set forth in this Settlement Agreement for liquidated damages.

   C. Defendants will mail the settlement checks directly to the Participating Settlement Class Members based on the allocations. Mailing will be deemed effective as of the postmark date and will be via non-certified U.S. Mail. The Parties will cooperate in determining current address information for Participating Settlement Class Members. Defendants will provide notice of the fact of mailing to Plaintiffs' counsel.

   D. Within thirty (30) days of final approval of the Settlement Agreement Defendants will mail the Settlement payments to all Participating Settlement Class Members and the class representative payments paid to the Named-Plaintiffs.

   E. Defendants will issue form W-2s for that portion of the Settlement constituting wages and form 1099s for that portion of the Settlement constituting liquidated damages. Defendants will issue form 1099s for any amount paid to Plaintiffs' counsel as service payments and attorney fees. Defendants make no representation as to taxability of any portion of the Parties' Settlement to any Settlement Class Members.

   VI. <u>Payment of Attorney Fees and Costs</u>: Defendants will pay attorney fees and costs, from the gross Settlement amount, if approved by the Court, to the offices of Finney Law Firm, LLC, thirty-one (31) days following the Court's final order granting approval of the Parties Settlement, or if there is any appeal, following the dismissal of any appeal.

   VII. <u>Negotiability of Checks</u>: The Parties agree that checks issued by Defendants to Participating Settlement Class Members shall be valid and negotiable for a term of ninety (90) days, and sixty (60) additional days if re-mailed to a different address within thirty (30) days of the initial ninety (90) day period. The check shall prominently display the expiration. Any checks not negotiated during this period will revert to Defendants. Participating Settlement Class Members who fail to negotiate their checks in a timely manner shall remain subject to the terms of this Settlement Agreement.

   VIII. <u>Notice to the Settlement Class</u>: A Notice of Settlement and Right to Opt-Out of Settlement, in the form attached as Exhibit 1, when approved by the Court, shall be sent by Plaintiffs' counsel to eligible Settlement Class Members by First Class Mail thirty-one (31) days

5

after the Court's order of preliminary approval, or if there is any appeal, after the appeal is dismissed.

Within ten (10) calendar days following the Court's order of approval, Defendants shall provide to Plaintiffs' counsel a list of eligible Settlement Class Members, by last name alphabetic order and giving last-known addresses including last-known email addresses and telephone numbers. Defendants shall also provide to Plaintiffs' counsel information allowing the latter to match the names of the employees with their payroll records previously provided. The list of individuals shall be based upon the most current information contained in Defendants' payroll and/or other business records. Following mailing, any returned envelopes with forwarding addresses will be re-mailed to the address provided. Plaintiffs' counsel will make diligent efforts to locate all Settlement class members whose envelopes are returned in effect re-mailing.

IX. <u>Release of Claims</u>: Upon final approval by the Court of this Settlement Agreement, each Participating Settlement Class Member, fully releases and discharges the Defendants, including their subsidiaries, affiliates, predecessors, owners, principals, partners, officers, directors, agents, legal counsel, managers, supervisors and employees, as well as any successors and assigns, from any and all claims, rights, demands, causes of action and damages of any nature under State, Federal or local law arising out of or related to the allegations made in the complaint that reasonably arise out of the facts alleged in the complaint, including for any bonus, incentive or other employment-related payments, liquidated damages, expenses, and costs of liability of any kind, including all claims and demands for attorney fees and court costs, which were or could have been asserted in the complaint in this lawsuit, whether in tort, contract or for violations of any local, State or Federal law from July 9, 2015, up to and including the date of final approval of this Settlement Agreement, arising from employment by Defendants. The Released Claims do not include workers' compensation claims or any claims unrelated to this action.

X. <u>Settlement Class Counsel Signatory</u>: Because the number of Settlement Class Members is voluminous, it is impossible or impractical to have each Participating Settlement Class Member execute this Settlement Agreement. The Notice will advise the Plaintiffs of the binding nature of the Release and their failure to opt-out of the settlement shall have the same force and effect as if the Settlement Agreement was executed by each participating Plaintiff with regard to each Plaintiff's Release of Claims.

XI. <u>Miscellaneous Terms</u>: Each of the Parties stipulate to dismissal with prejudice of the Lawsuit and all claims set forth in any of the pleadings filed therein, but the Parties stipulate that the Court will retain jurisdiction over this Settlement Agreement for purposes of its enforcement.

A. Except as otherwise agreed, each Party is responsible for its own attorney fees, expenses and court costs. A Stipulation of Dismissal which will include a provision of the Court's continuing jurisdiction will be filed by the Plaintiffs' counsel upon the Court's final approval of this Settlement Agreement.

B. This Settlement Agreement contains the entire understanding of the Parties with respect to the subject matter herein. There are no restrictions, warranties, covenants, or undertaking others than those expressly set forth herein and in the documents referenced herein.

C. This Settlement Agreement shall be binding upon inure to the benefit of the Parties and their respective heirs, trustees, executives, administrators, successors and assigns.

D. This Settlement Agreement shall be interpreted, enforced and governed by the laws of the State of Ohio, unless Federal law otherwise determines. This Settlement Agreement shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of Ohio.

XII. <u>Finality</u>: Upon entry of the final order approving the Settlement Agreement, this action shall be dismissed with prejudice.

FOR PLAINTIFFS:                      FOR DEFENDANTS

_____           _____